UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00123-TWP-MJD |
| | ) | |
| JOHN RAMIREZ-PRADO, | ) | -10 |
| | ) | |
| Defendant. | ) | |

**RESPONSE IN OPPOSITION TO MOTION
FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(2)**

This Court should deny John Ramirez-Prado's motion for sentencing reduction under 18 U.S.C. § 3582(c)(2). Ramirez-Prado seeks a reduction under Amendment 821 to the guidelines, but he is ineligible because he received a below-guidelines sentence (not based on substantial assistance) and his sentence remains below his new range.

## BACKGROUND

### *Indictment and Sentence*

In early 2018, Ramirez-Prado was charged under a second superseding indictment with conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 4). (D. 416.) A jury found him guilty of these charges. (D. 669.)

Ramirez-Prado's offense level was 40 (based on grouping the offense levels of each of his convictions, *see* U.S.S.G. § 3D1.2, and applying guideline adjustments). (D. 779; D. 824 at 41—42.)

Ramirez-Prado's criminal history resulted in three criminal history points. (D. 743 ¶¶ 51—53.) Significant here, two points were added under U.S.S.G. § 4A1.1(d) (2018), which at that time applied additional status points when a defendant committed his offense while under another criminal justice sentence. (D. 743 ¶ 52.) Ramirez-Prado's three criminal history points placed him in criminal history category II, which applies when a defendant has two or three criminal history points. (743 ¶ 53; D. 779.) His guideline range was therefore 324 to 405 months' imprisonment. (D. 743 ¶ 82; D. 779)

The Court sentenced Ramirez-Prado to an aggregate term of 240 months' imprisonment. (D. 778.)

His convictions and sentences were affirmed on appeal. *United States v. Castro-Aguirre*, 983 F.3d 927 (7th Cir. 2020). In affirming Ramirez-Prado's sentence, the Seventh Circuit noted that the sentence was "substantially below the recommended guideline" and therefore not "unreasonably high." *Id.* at 944.

*Motion for Sentence Reduction*

Ramirez-Prado is currently incarcerated with an anticipated release date of February 10, 2034. *See* Federal Bureau of Prisons, "Find an inmate," https://www.bop.gov/inmateloc/ (last visited May 5, 2024).

In February 2024, Ramirez-Prado filed a motion for the appointment of counsel. (D. 989.) He requested counsel to assist in filing a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Parts A and B). (D. 989.) The Court construed the motion as a motion to reduce his sentence under § 3582(c)(2), stayed the motion, and appointed the Indiana Federal Community Defender's Office to represent him. (D. 991.) An attorney appeared but later withdrew. (D. 992, 999, 1000.)

On March 29, 2024, the Court ordered Ramirez-Prado to supplement his motion within 28 days. (D. 1001.) The Court also ordered the government to respond to Ramirez-Prado's motion within 14 days, or respond upon the expiration of the 28 days, which was earlier. (*Id.*) Ramirez-Prado did not respond within 28 days. (*See Docket generally*.)

## ARGUMENT

### I. Ramirez-Prado Is Not Eligible for a Sentence Reduction

As a general rule a sentence of imprisonment is "final." 18 U.S.C. § 3582(b). Thus, it "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010).

Ramirez-Prado's motion is based on 18 U.S.C. § 3582(c)(2). (D. 342.) Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*

*Dillon* articulates a two-step inquiry for determining whether a sentence reduction is warranted. 560 U.S. at 826–28. At step one, a district court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Dillon*, 560 U.S. at 826. At step two, if a reduction is permissible, a district court must determine, in its discretion, whether the reduction is warrant under the 18 U.S.C. § 3553(a) factors. *Id.* at 827–28.

Here, Ramirez-Prado's motion fails at step one. His motion is based on Amendment 821 (Parts A and B) to the guidelines, which apply retroactively.

In Part A, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation,

4

parole, supervised release, imprisonment, work release, or escape status.

*Id.* Thus, a person who otherwise had seven criminal history points or more now receives one additional "status" criminal history point, instead of two, while a person who otherwise had six criminal history points or fewer receives no status points.

Ramirez-Prado had one criminal history point and received two status points. (D. 743 ¶¶ 49, 51.) Now, under Amendment 821, he would receive no status points leaving him with one criminal history point. With one criminal history point, his criminal history category would reduce from II to I. *See* U.S.S.G. Sentencing Table. His guideline range would therefore decrease from 324–405 months to 292–365 months. *Id.*

Nevertheless, Ramirez-Prado is not entitled to a reduction. His 240-month sentence remains below his new guideline range. And "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). An exception exists for substantial assistance, U.S.S.G. § 1B1.10(b)(2)(B), but Ramirez-Prado's sentence was not reduced for substantial assistance. Thus, he is not entitled to a reduction under Part A. § 1B1.10(b)(2)(A).

In Part B to Amendment 821, the Sentencing Commission added what now appears in U.S.S.G. § 4C1.1(a), providing for an offense-level reduction for offenders who have zero criminal history points (subject to several exceptions). In pertinent part, the adjustment applies if "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.G. § 4C1.1(a)(1).

But Ramirez-Prado had one criminal history point before the two status points were added under then § 4D1.1(d) (2018). (D. 743 ¶¶ 49, 51–53.) Thus, he is not a zero-point offender. Part B did not change his guideline range. *See* § 4C1.1(a)(1). He is, on that basis, ineligible for relief under Part B. *Koons*, 584 U.S. at 704–705 (2018); *Dillon*, 560 U.S. at 825–826.

The Court should deny Ramirez-Prado's motion. If the Court believes Ramirez-Prado is eligible under step one, the United States requests the opportunity to argue why the § 3553(a) factors do not warrant a reduction.

## CONCLUSION

For the foregoing reasons, the Court should deny Ramirez-Prado's motion for sentence reduction.

>Respectfully submitted,
>
>ZACHARY A. MYERS
>United States Attorney
>
>By:   s/ Brian Reitz
>       Brian Reitz
>       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on May 8, 2024, a copy of the foregoing was electronically filed and that a copy was mailed the following business day, by first class U.S. Mail, postage prepaid and properly addressed to the following:

JOHN RAMIREZ-PRADO
Reg. No. 22927-479
FCI JESUP
Federal Correctional Institution
2680 301 South
Jesup, GA 31599

                                          s/ Brian Reitz
                                          Brian Reitz
                                          Assistant United States Attorney
                                          Office of the United States Attorney
                                          10 W. Market St., Suite 2100
                                          Indianapolis, Indiana 46204-3048
                                          Telephone: (317) 226-6333
                                          Fax: (317) 226-6125
                                          E-mail: Brian.Reitz@usdoj.gov